UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN JUROVICH, ET AL.

VERSUS

RONNIE R. PARTRICH, ET AL.

CIVIL ACTION

NUMBER 07-81-SCR

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is a Motion to Compel filed by plaintiffs John J. Jurovich and Havana House Cigars, L.L.C. Record document number 42. The motion is unopposed.

Plaintiffs filed this motion to compel defendants Ronnie R. Partrich and Susan Partrich to provide certain documents in response to the plaintiffs' request for production of documents served on February 6, 2008. Although the defendants provided their responses on April 14, 2008, the plaintiffs argued that the defendants failed to produce Havana House's banking records sought in Request for Production No. 1. The records sought include:

1. Cash register receipts or tapes or similar documents showing daily receipts, including cash;

2. Any and all documents evidencing bank deposits;

3. All documents evidencing payables and receivables;

4. All income statements and balance sheets;

5. All documents relating to the assessment and/or payment of sales and/or excise taxes; and,

6. Any and all documents relating to financing or leasing arrangements such as computer leases and factoring arrangements.

Defendants stated in their response that the banking records had already been produced.  Plaintiffs asserted that when they regained possession of Havana House its business records were missing for the time during which the defendants operated it.  Plaintiffs noted that defendant Susan Partrich also testified during the related bankruptcy proceedings that she gave Havana House's business records to the defendants' accountants and that they would produce them.  Plaintiffs maintained that no such documents have been produced and the accounting firm has advised the plaintiffs it did not have possession of such records.

Defendants' failure to provide the requested discovery and file any response to this motion establish that the plaintiffs are entitled to an order under Rule 37(a), Fed.R.Civ.P.  Plaintiff submitted a Rule 37 certificate stating that they have in good faith conferring with the defendants' counsel in order to secure sufficient responses.  Therefore, the defendants must produce all documents which disclose the information described in items 1-6 above and any other banking records responsive to the plaintiffs' Request for Production No. 1, within ten days.  No objections will be allowed.[1]

Under Rule 37(a)(5)(A), if a motion to compel discovery is

---

[1] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants' failure to respond to the plaintiffs' efforts to obtain discovery and to this motion demonstrate that the plaintiffs are entitled to reasonable expenses under this rule.[2] Nothing specific was filed in the record to establish the amount of attorney's fees or expenses incurred in bringing the motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the Motion to Compel filed by plaintiffs John J. Jurovich and Havana House Cigars, L.L.C. is granted. Within ten days defendants Ronnie R. Partrich and Susan Partrich shall produce Havana House's business records sought in Request for Production No. 1, which include:

1. Cash register receipts or tapes or similar documents showing daily receipts, including cash;

---

[2] These same facts show that the defendants' actions are not substantially justified and that there are no circumstances that would make an award of expenses unjust.

2. Any and all documents evidencing bank deposits;

3. All documents evidencing payables and receivables;

4. All income statements and balance sheets;

5. All documents relating to the assessment and/or payment of sales and/or excise taxes; and,

6. Any and all documents relating to financing or leasing arrangements such as computer leases and factoring arrangements.

Pursuant to Rule 37(a)(5)(A), the defendants are also ordered to pay to the plaintiffs, within ten days, reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, June 16, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE